UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK COLSTON and
TAMMIE JANIS,

          Plaintiffs,                    CIVIL ACTION NO. 15-cv-14314

          v.                       DISTRICT JUDGE TERRENCE G. BERG

ROBERT LIEBECK, STEVE            MAGISTRATE JUDGE MONA K. MAJZOUB
LIEBECK, and CHELSEA
HOMETOWN SERVICES,

          Defendants.

_____/

## REPORT AND RECOMMENDATION

On December 11, 2015, Plaintiffs Mark Colston and Tammie Janis filed substantially similar *pro se* complaints against Defendants Robert Liebeck, Steve Liebeck, and Chelsea Hometown Services, alleging violations of Title VII of the Civil Rights Act of 1964 and the Fourteenth Amendment to the United States Constitution.[1]  (Docket no. 1; *Janis v. Liebeck*, No. 15-cv-14315, docket no. 1.)   In particular, Plaintiffs allege that Defendants made racist comments to them during a dispute regarding payment for work performed.  (Docket no. 1 at 3-4; *Janis v. Liebeck*, No. 15-cv-14315, docket no. 1 at 3.)  Plaintiffs seek a combined total of $12,000,000.00 in compensatory and punitive damages, among other things.  (Docket no. 1 at 4; *Janis v. Liebeck*, No. 15-cv-14315, docket no. 1 at 3.)

Before the Court are Plaintiff Colston's Motions for Default Judgment (docket nos. 32 and 47) and Plaintiffs' Motion for Immediate Consideration for Jury Trial Based on a Default

---

[1] Plaintiffs' complaints were filed as separate actions in this court and were subsequently consolidated under the instant civil action number pursuant to Federal Rule of Civil Procedure 42(a) on February 10, 2016.  (Docket no. 11; *Janis v. Liebeck*, No. 15-cv-14315, docket no. 14.)

Judgment Plaintiff Filed April 11, 2016 (docket no. 45).  This action has been referred to the undersigned for all pretrial proceedings.  (Docket no. 13.)  The undersigned has reviewed the pleadings, dispenses with oral argument on the motions pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I.      RECOMMENDATION

For the reasons that follow, it is recommended that the Clerk's Entry of Default entered against Defendant Robert Liebeck (docket no. 22) be **VACATED** and that Plaintiffs' Motions (docket nos. 32, 45, and 47) be **DENIED** as moot.

## II.     REPORT

### A.      Procedural History

In December 2015, the court granted Plaintiffs' requests for service of process by the United States Marshals Service.  (Docket no. 5; *Janis v. Liebeck*, No. 15-cv-14315, docket no. 5. With regard to the service of Plaintiff Janis's complaint, the record shows that on December 17, 2015, summonses were issued for Defendants, and the U.S. Marshals Service acknowledged receipt of the service of process documents; the documents were subsequently sent via certified mail. (*Janis v. Liebeck*, No. 15-cv-14315, docket nos. 7-10.)  Approximately one month later, on January 11, 2016, a certified mail return receipt was filed with the court, which indicates that the documents sent to Defendant Chelsea Hometown Services, Legal Dept., 1046 Benstein Rd., #105, Walled Lake, MI 48390 were returned to the sender by the United States Postal Service (USPS).  (*Janis v. Liebeck*, No. 15-cv-14315, docket no. 12 at 1.)  The return receipt also indicates that Defendant Chelsea Hometown Services' forwarding address is 47520 Avante

Drive, Wixom, MI 48393.  (*Id.*)  There is no further documentation regarding the service of Plaintiff Janis's complaint on the court's docket in this matter.

With regard to the service of Plaintiff Colston's complaint, the record shows that the U.S. Marshals Service acknowledged receipt of the service of process documents and sent them to Defendants via certified mail on January 14, 2016.  (Docket nos. 7 and 8.)  On January 28, 2016, a certified mail return receipt was received by the court, which indicates that the documents sent to Defendant Chelsea Hometown Services at the same Benstein Road address as stated above were not deliverable as addressed and that the USPS was unable to forward the documents to a new address.  (Docket no. 9 at 2.)  Plaintiff Colston subsequently moved for service of his complaint on Defendants at the current business address of Defendant Chelsea Hometown Services, 47520 Avante Dr., Wixom, MI 48393.  (Docket no. 10.)  On February 23, 2016, the Court granted Plaintiff Colston's motion and directed the U.S. Marshals Service to re-serve Plaintiff Colston's complaint on Defendant Chelsea Home Services at the updated address provided.  (Docket no. 14.)  The U.S. Marshals Service acknowledged receipt of the service of process documents and sent them via certified mail the same day.  (Docket nos. 15 and 16.)

Since then, Plaintiff Colston has filed several requests for a clerk's entry of default and a clerk's entry of default judgment against each Defendant in this matter.  (Docket nos. 17, 20, 21, 24, 26, 28, 30, 33, 35, 37, 39, 41 and 48.)  The clerk's office denied the requests with regard to Defendants Chelsea Hometown Services and Steven Liebeck because there is no executed return of service on file for them.  (Docket nos. 18, 34, 38, 40, and 42.)  With regard to Defendant Robert Liebeck, Plaintiff Colston asserted in his Request for Clerk's Entry of Default that in a March 22, 2016 telephone conversation, U.S. Marshal "Manwell"[2] advised him that (1) the

---

[2] The Court presumes that Plaintiff Colston is referring to Manuel Cano, a now former employee of the U.S. Marshals Service.

summons and complaint were served on Defendants on March 2, 2016; (2) Defendant Robert

Liebeck had signed for the documents; and (3) he had the certified mail return receipt with

Defendant Robert Liebeck's signature on it in his possession.  (Docket no. 20.)  The clerk's

office then entered a default against Defendant Robert Liebeck on this basis.  (Docket no. 22.)

Nevertheless, all of Plaintiff Colston's subsequent requests for a clerk's entry of default

judgment against Defendant Robert Liebeck have been denied for failure to provide a sum

certain.  (Docket nos. 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 35 and 36.)

On April 11, 2016, Plaintiff Colston filed a Motion for Default Judgment against all

Defendants.   (Docket no. 32.)    On September 7, 2016, Plaintiffs Colston and Janis filed a

Motion for Immediate Consideration for Jury Trial Based on a Default Judgment Plaintiff Filed

April 11, 2016.  (Docket no. 45.)  Plaintiff Colston filed another Motion for Default Judgment on

December 6, 2016, which is substantially similar to the motion filed in April 2016.  (Docket no.

47.)  These three motions are pending before the court.

**B.** **Analysis**

A plaintiff bears the burden of showing that the defendant against whom the plaintiff is

seeking default judgment has been properly served.  *Keller v. Owens*, No. 07-1127-WEB, 2007

WL 2702947, at *1 (D. Kan. Sept. 14, 2007); *Evertson v. Topeka Ass'n for Retarded Citizens*,

No. 05-4046-SAC, 2005 WL 2988716, at *1 (D. Kan. Oct. 11, 2005).  Moreover, a court cannot

enter a default against a defendant where the defendant has not been properly served.  *Maryland*

*State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353 (D. Md. 1996).  The Federal Rules provide that

service on an individual may be obtained pursuant to the law of the state in which the district

court is located or by delivering a copy of the summons and of the complaint to the individual

personally, by leaving copies thereof at the individual's dwelling or usual place of abode with

someone of suitable age and discretion who resides there, or by delivering a copy of the summons and complaint to an authorized agent. Fed. R. Civ. P. 4(e). In Michigan, the law allows service on an individual personally or by sending a copy of the summons and complaint by registered or certified mail, return receipt requested, with delivery restricted to the addressee. Mich. Ct. R. 2.105(A). Service is made when the defendant acknowledges receipt of the mail, and the plaintiff must attach a copy of the return receipt signed by the defendant to the proof of service itself. *Id.*

In this case, when the clerk's office entered default against Defendant Robert Liebeck, it did so based, in part, on Plaintiff Colston's asserted conversation with a U.S. Marshals Service employee, during which that employee allegedly advised Plaintiff that he had a certified mail return receipt signed by Defendant Robert Liebeck in his possession. (*See* docket nos. 20 and 22.) But a copy of this return receipt has not been filed with the court in accordance with Michigan Court Rule 2.105(A), and a subsequent verbal conversation between this Court and the U.S. Marshals Service revealed that there is no record of the existence of the purported return receipt. Moreover, not one executed certified mail return receipt has been filed in this matter, and not one Defendant has appeared in this matter, filed an answer to either of Plaintiffs' complaints, or responded to the instant motions or to the numerous requests for the entry of default and default judgment filed by Plaintiff Colston.

Under these circumstances, the Court finds that service has not been properly effectuated against any of the named Defendants in this matter and that the Clerk's Entry of Default against Defendant Robert Liebeck was entered, perhaps inadvertently, in error. Accordingly, the undersigned finds that good cause exists to set aside the March 28, 2016 Clerk's Entry of Default against Defendant Robert Liebeck (docket no. 22) pursuant to Federal Rule of Civil Procedure

55(c), and therefore recommends that the default be set aside. In light of this recommendation, it is further recommended that Plaintiff Colston's Motions for Default Judgment (docket nos. 32 and 47) and Plaintiffs' Motion for Immediate Consideration for Jury Trial Based on a Default Judgment Plaintiff Filed April 11, 2016 (docket no. 45) be denied as moot.

Lastly, service of a summons and complaint must be made within 90 days after the filing of the complaint. Fed. R. Civ. P. 4(m). Plaintiffs' complaints were filed on December 11, 2015, which means that the time to effectuate proper service has passed. (*See* docket no. 1; *Janis v. Liebeck*, No. 15-cv-14315, docket no. 1.) "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, the undersigned finds that Plaintiffs attempted in good faith to properly serve Defendants through the U.S. Marshals Service, but, through no fault of their own, they received unreliable information that service had been effectuated, the evidence of which was not filed with the court and cannot be independently verified to exist. Thus, if and upon the adoption of this Report and Recommendation, the undersigned will order the U.S. Marshals Service to re-attempt service of Plaintiffs' complaints on Defendants.

### C. Conclusion

For the above-stated reasons, it is recommended that the court **VACATE** the Clerk's Entry of Default entered against Defendant Robert Liebeck (docket no. 22) and **DENY** Plaintiffs' Motions (docket nos. 32, 45, and 47) as moot.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 7, 2016          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiffs and counsel of record on this date.

Dated: December 7, 2016          s/ Lisa C. Bartlett
                                 Case Manager

7